## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
**Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone:  212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 14-2922(L)

Caption [use short title]

**Motion for:** Dismissal of Appeals

NML Capital, Ltd. v. Republic of Argentina

Set forth below precise, complete statement of relief sought:

Appellees cross-move to dismiss the appeals filed by the Euro Bondholders, Fintech Advisory, Inc., and the Republic of Argentina for lack of jurisdiction and for lack of appellate standing.

**MOVING PARTY:** NML Capital, Ltd.

☑ Plaintiff ☐ Defendant
☐ Appellant/Petitioner ☑ Appellee/Respondent

**OPPOSING PARTY:** See Addendum A

**MOVING ATTORNEY:** Matthew D. McGill

**OPPOSING ATTORNEY:** See Addendum A

[name of attorney, with firm, address, phone number and e-mail]

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W., Washington, D.C. 20036

(202) 955-8500, mmcgill@gibsondunn.com

Court-Judge/Agency appealed from: Hon. Thomas P. Griesa / S.D.N.Y.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): 

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency: 

Is oral argument on motion requested? ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No  If yes, enter date: 

**Signature of Moving Attorney:**
/s/ Matthew D. McGill **Date:** 9/22/2014   Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

## **Addendum A to Motion Information Sheet**
Opposing Parties And Opposing Counsel

### **Counsel for Non-Party Appellant Euro Bondholders**

Christopher J. Clark
Craig A. Batchelor
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200
christopher.clark2@lw.com
craig.batchelor@lw.com

### **Counsel for Defendant-Appellant Republic of Argentina**

Jonathan I. Blackman
Cleary Gottlieb Steen & Hamilton LLP
City Place House
55 Basinghall Street
London, EC2V 5EH
England
+442076142245
jblackman@cgsh.com

Carmine Boccuzzi, Jr.
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, NY 10006
(212) 225-2000
cboccuzzi@cgsh.com

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

- - - - - - - - - - - - - - - - - - - - - - - - - x

NML CAPITAL, LTD.,

         Plaintiff-Appellee,

  v.

EURO BONDHOLDERS,

         Appellant,

REPUBLIC OF ARGENTINA,

         Defendant-Appellant.

Nos. 14-2922(L), 14-2938(L), 14-3055(L)

*On Appeal from the United States District Court for the Southern District of New York*

- - - - - - - - - - - - - - - - - - - - - - - - - x

AURELIUS CAPITAL MASTER, LTD., AURELIUS OPPORTUNITIES FUND II, LLC,

         Plaintiffs-Appellees,

  v.

EURO BONDHOLDERS,

         Appellant,

REPUBLIC OF ARGENTINA,

         Defendant-Appellant.

Nos. 14-2924(L), 14-2940(L), 14-3016(L)

*On Appeal from the United States District Court for the Southern District of New York*

- - - - - - - - - - - - - - - - - - - - - - - - - x

[*captions continued on next page*]

**PLAINTIFFS' RESPONSE TO EURO BONDHOLDERS' AND FINTECH'S EMERGENCY MOTIONS TO EXPEDITE AND CONSOLIDATE APPEALS AND PLAINTIFFS' CROSS-MOTION TO DISMISS**

[*captions continued from previous page*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
   :
AURELIUS CAPITAL MASTER, LTD.,   :
ACP MASTER, LTD.,   :
   :
        Plaintiffs-Appellees,   :
   :
    v.   :   Nos. 14-2939(L), 14-2999(L)
   :
   :   *On Appeal from the United*
REPUBLIC OF ARGENTINA,   :   *States District Court for the*
   :   *Southern District of New York*
        Defendant-Appellant,   :
   :
EURO BONDHOLDERS,   :
   :
        Appellant.   :
   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

[*captions continued on next page*]

[*captions continued from previous page*]

- - - - - - - - - - - - - - - - - - - - - - - - x

AURELIUS OPPORTUNITIES FUND II,
LLC, AURELIUS CAPITAL MASTER,
LTD.,

        Plaintiffs-Appellees,

   v.

REPUBLIC OF ARGENTINA,

        Defendant-Appellant,

BANK OF AMERICA, N.A.,

        Respondent-Appellant,

   v.

EURO BONDHOLDERS,

        Interested Party-
        Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - x

No. 14-3022(L)

*On Appeal from the United
States District Court for the
Southern District of New York*

[*captions continued on next page*]

[*captions continued from previous page*]

- - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
BLUE ANGEL CAPITAL I LLC,                     :
                                              :
       Plaintiff-Appellee,           :
                                              :
   v.                                       :
                                              :  Nos. 14-2941(L), 14-3001(L)
EURO BONDHOLDERS,                             :
                                              :  *On Appeal from the United*
       Appellant,                    :  *States District Court for the*
                                              :  *Southern District of New York*
   v.                                       :
                                              :
REPUBLIC OF ARGENTINA,                        :
                                              :
       Defendant-Appellant.          :
- - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
OLIFANT FUND LTD.,                            :
                                              :
       Plaintiff-Appellee,           :
                                              :
   v.                                       :
                                              :  No. 14-3002(L)
EURO BONDHOLDERS,                             :
                                              :  *On Appeal from the United*
       Appellant,                    :  *States District Court for the*
                                              :  *Southern District of New York*
REPUBLIC OF ARGENTINA,                        :
                                              :
       Defendant-Appellant.          :
- - - - - - - - - - - - - - - - - - - - - - - - x

[*captions continued on next page*]

[*captions continued from previous page*]

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

PABLO ALBERTO VARELA, LILA INES  :
BURGUENO, MIRTA SUSANA DIEGUEZ, :
MARIA EVANGELINA CARBALLO,     :
LEANDRO DANIEL POMILIO, SUSANA  :
AQUERRETA, MARIA ELENA CORRAL,  :
TERESA MUNOZ DE CORRAL, NORMA   :
ELSA LAVORATO, CARMEN IRMA      :
LAVORATO, CESAR RUBEN VAZQUEZ,  :
NORMA HAYDEE GINES, MARTA       :
AZUCENA VAZQUEZ,                 :   No. 14-2925(L)

          Plaintiffs-Appellees,   :   *On Appeal from the United*
                                :   *States District Court for the*
    v.                           :   *Southern District of New York*

EURO BONDHOLDERS,          :

               Appellant,   :

    v.                           :

REPUBLIC OF ARGENTINA,      :

          Defendant-Appellee.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

[*captions continued on next page*]

[*captions continued from previous page*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

NML CAPITAL, LIMITED,                                                :

                Plaintiff-Appellee,       :

     v.                                                                  :

REPUBLIC OF ARGENTINA,                                      :   No. 14-3045

            Defendant-Appellee,     :   *On Appeal from the United*
                                   :   *States District Court for the*
     v.                                                                  :   *Southern District of New York*

FINTECH ADVISORY INC.,                                        :

           Interested Party-                                :
           Appellant.                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, undersigned counsel state that:

NML Capital, Ltd. is not publicly traded and has no corporate parent, and no publicly held corporation owns 10% or more of its stock.

Aurelius Capital Master, Ltd. ("ACM") is an exempted company with limited liability incorporated in the Cayman Islands. Aurelius Capital International, Ltd., is the parent of ACM. No publicly held corporation owns 10% or more of the stock of ACM.

ACP Master, Ltd. is an exempted company with limited liability incorporated in the Cayman Islands. Aurelius Capital Partners, LP, is the parent of ACP Master, Ltd. Aurelius Capital GP, LLC is the sole general partner of Aurelius Capital Partners, LP, and is the indirect parent of ACP Master, Ltd. No publicly held corporation owns 10% or more of the stock of ACP Master, Ltd.

Aurelius Opportunities Fund II, LLC ("AOF") is a limited liability company organized and existing under the laws of the State of Delaware. AOF is not a corporation and therefore Rule 26.1 does not require any disclosures with respect to it.

Blue Angel Capital I LLC ("Blue Angel") is a limited liability company organized and existing under the laws of the State of Delaware. Blue Angel is not

i

a corporation and therefore Rule 26.1 does not require any disclosures with respect to it.

Olifant Fund, Ltd., is not publicly traded; its parent corporation is ABIL, Ltd., and no publicly held corporation owns 10% or more of its stock.

Pablo Alberto Varela, Lila Ines Burgueno, Mirta Susana Dieguez, Maria Evangelina Carballo, Leandro Daniel Pomilio, Susana Aquerreta, Maria Elena Corral, Teresa Munoz de Corral, Norma Elsa Lavorato, Carmen Irma Lavorato, Cesar Ruben Vazquez, Norma Haydee Gines, and Marta Azucena Vazquez are not corporations, and therefore Rule 26.1 does not require any disclosures with respect to them.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND ...................................................................................................3

    A.    The FAA Bonds And Argentina's Default..............................................3

    B.    Plaintiffs Obtain The Injunction Based On Argentina's Breach Of The Equal-Treatment Provision .........................................................5

    C.    Argentina Defies The Injunction And The District Court Intercedes...........................................................................................7

    D.    Argentina And The Non-Party Appellants File Appeals, And The Non-Party Appellants Move For Expedited Proceedings..............9

ARGUMENT ......................................................................................................10

    I.    The Appeals Should Be Dismissed For Lack Of Jurisdiction ...........11

        A.    The August 6 Order Is Not Appealable ...................................11

        B.    The Non-Party Appellants Lack Appellate Standing ..............13

    II.    The Motions To Expedite Should Be Denied ...................................16

    III.    Plaintiffs Consent To Consolidation Of The Euro Bondholders' Appeals For Dismissal .......................................................................19

CONCLUSION ...................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*EM Ltd. v. Republic of Argentina*,
  473 F.3d 463 (2d Cir. 2007) ...............................................................................3

*Gucci Am., Inc. v. Bank of China*,
  No. 11-3934-cv(L), 2014 WL 4629049 (2d Cir. Sept. 17, 2014) .......................14

*Hanly v. Mitchell*,
  460 F.2d 640 (2d Cir. 1972) ...............................................................................16

*Hispanic Soc'y of N.Y.C. Police Dep't Inc. v. N.Y.C. Police Dep't*,
  806 F.2d 1147 (2d Cir. 1986),
  *aff'd sub nom. Marino v. Ortiz*,
  484 U.S. 301 (1988) (per curiam) ......................................................................13

*Leftridge v. Conn. State Trooper Officer No. 1283*,
  640 F.3d 62 (2d Cir. 2011) .................................................................................12

*Marino v. Ortiz*,
  484 U.S. 301 (1988) (per curiam) ......................................................... 13, 15, 16

*NML Capital, Ltd. v. Republic of Argentina*,
  699 F.3d 246 (2d Cir. 2012) .................................................................. 4, 5, 14, 15

*NML Capital, Ltd. v. Republic of Argentina*,
  727 F.3d 230 (2d Cir. 2013) ....................................................................... passim

*SEC v. Citigroup Global Mkts. Inc.*,
  673 F.3d 158 (2d Cir. 2012) ...............................................................................18

*Weight Watchers Int'l, Inc. v. Luigino's*,
  423 F.3d 137 (2d Cir. 2005) ...............................................................................12

*Wilder v. Bernstein*,
  49 F.3d 69 (2d Cir. 1995) ...................................................................................12

**Statutes**

28 U.S.C. § 1291 ........................................................................................12

**Rules**

Fed. R. Civ. P. 65 ............................................................................... 14, 16

**Other Authorities**

Charlie Devereux & Camila Russo, *Argentine Lower House Passes Legislation to Pay Debt Locally*, Bloomberg (Sept. 11, 2014) ............................9

*Fintech Advisory Fund Welcomes New Debt Swap Under Argentine Law*, Buenos Aires Herald (Aug. 24, 2014) .......................................................9

Ken Parks, *Argentina Congress Approves Foreign Debt Payment Bill*, Wall St. J. (Sept. 11, 2014), ......................................................................9

Restatement (Second) of Contracts § 261 ..............................................15

Restatement (Second) of Contracts § 264 ..............................................15

Plaintiffs-Appellees respectfully submit this response brief in opposition to the Euro Bondholders' Emergency Motion to Expedite and Consolidate Appeals, and to Fintech Advisory Inc.'s September 12, 2014 letter request for a "coordinated briefing schedule." In addition, Plaintiffs-Appellees cross-move, pursuant to Rule 27 of the Federal Rules of Appellate Procedure, to dismiss all of the above-captioned appeals by the Euro Bondholders, Fintech, and the Republic of Argentina for lack of jurisdiction.

## INTRODUCTION

These appeals are a futile request by the Republic of Argentina and its non-party creditors for relief from a non-appealable order that merely clarifies an earlier ruling that has been twice affirmed by this Court. As recently as one business day before this filing, this Court unequivocally confirmed that such clarifying orders that do nothing to change an earlier, final ruling are not appealable. *See* Amended Order, *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689(L), at 2 (2d Cir. Sept. 19, 2014) (D.E. 170) ("Citi Order"). All of these appeals suffer exactly the same defect and should meet exactly the same outcome: dismissal outright.

Moreover, Argentina's creditors who purport to appeal the clarification order—the Euro Bondholders and Fintech (collectively, the "Non-Party Appellants")—have deliberately avoided becoming parties to this litigation for tactical reasons and have no plausible standing to appeal. The clarification order

1

neither directly binds the Non-Party Appellants nor affects their interests other than as additional claimants to Argentina's assets. The impropriety of such non-party appeals was obvious the first time these same creditors launched them. A year ago, this Court dismissed appeals they filed in materially identical circumstances, holding that "a creditor's interest in getting paid is not cognizably affected by an order for a debtor to pay a different creditor." *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 240 (2d Cir. 2013) ("*NML II*"). Of course, any other rule would open the circuit courts to appeals by every creditor of a non-prevailing defendant. Thus, the "appeals" of the Non-Party Appellants are doubly defective.

Since the Non-Party Appellants are the only litigants seeking expedition, their dismissal also resolves all expedition requests. In any event, their requests for expedition are baseless. The Non-Party Appellants stalled for more than a month after the district court entered the order at issue before filing this "Emergency" motion. They have not identified any impending payment that this appeal might affect if it is not hastily litigated. Moreover, the Non-Party Appellants' acknowledgment that the resolution of the Euro Bondholders' litigation in Brussels has been delayed—and, in London, might be delayed—further confirms that this foreign litigation presents no urgency at all. (Indeed, that the Euro Bondholders initiated this foreign litigation demonstrates that it is the Non-Party Appellants, and not the district court, that has "spawn[ed] litigation around the world.") Finally, the Euro Bondholders claim that these appeals raised issues related to those that

2

were before this Court in a separate appeal by Citibank N.A. They are correct that the Citibank appeal raised some similar issues, but they are badly mistaken in arguing that those similarities support expedition. The Citibank appeal was dismissed on September 19, 2014, in the aforementioned Citi Order. That decision compels dismissal, not expedition, of these appeals.

## BACKGROUND

### A. The FAA Bonds And Argentina's Default

This case arises from the Republic of Argentina's unprecedented default on more than $80 billion of its sovereign bonds in 2001. Argentina has a long "history of defaulting on, or requiring restructuring of, its sovereign obligations." *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 466 n.2 (2d Cir. 2007). Seeking to make its bonds more marketable and to reassure investors wary of the Republic's track record, Argentina began in 1994 to issue debt pursuant to a Fiscal Agency Agreement (the "FAA," and bonds issued thereunder, the "FAA Bonds") that made several binding promises to protect investors in case Argentina defaulted again. Among other things, Argentina agreed to "rank" its "payment obligations" under the FAA Bonds "at least equally" with its payment obligations on its other "External Indebtedness"—a commitment this Court has called the "Equal-Treatment Provision"—and pledged that disputes concerning the FAA Bonds would be adjudicated in New York courts under New York law. *NML Capital,*

*Ltd. v. Republic of Argentina*, 699 F.3d 246, 251 (2d Cir. 2012) ("*NML I*") (italics omitted).

Those promises in the FAA Bonds took on great importance in 2001, when Argentina again defaulted on its debt, declaring a moratorium on more than $80 billion in debt payments—including to holders of the FAA Bonds. *NML I*, 699 F.3d at 251. After refusing for several years to negotiate with FAA Bondholders, Argentina conducted two exchange offers, in 2005 and in 2010, pressuring its creditors to swap their bonds for newly issued debt (the "Exchange Bonds") at pennies on the dollar. *Id.* at 252–53. Some investors agreed to do so. Plaintiffs did not.

Argentina has repeatedly declared that it will never make any payments to those creditors who declined its coercive swap offer. Indeed, it codified that refusal in Argentine law, including in a payment moratorium in its budget laws, and in a series of statutes forbidding the Argentine Executive from paying what it owes on the FAA Bonds. *See NML I*, 699 F.3d at 252‑53. At the same time, Argentina timely honored its obligations under the Exchange Bonds, while refusing to make payments on the FAA Bonds, in contravention of the Equal-Treatment Provision.

4

**B.  Plaintiffs Obtain The Injunction Based On Argentina's Breach Of The Equal-Treatment Provision**

Plaintiffs are beneficial owners of certain FAA Bonds on which Argentina defaulted.  Plaintiffs sued Argentina, seeking specific performance of the Equal-Treatment Provision.  *See NML I*, 699 F.3d at 253–54.  Granting summary judgment for Plaintiffs, the district court held that Argentina was violating the Equal-Treatment Provision by "relegating [their] bonds to a non-paying class" and "persisting in its refusal to satisfy its payment obligations currently due under [Plaintiffs'] Bonds" while "ma[king] payments currently due under the Exchange Bonds."  Order at 4, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978(TPG) (S.D.N.Y. Dec. 7, 2011) (D.E. 353).

To remedy that breach, and to prevent Argentina from evading its contractual obligations in the future, the district court entered a series of orders compelling Argentina to comply with the Equal-Treatment Provision (collectively, the "Injunction").  *See NML II*, 727 F.3d at 237‑38.  The Injunction was affirmed in principle by this Court on October 26, 2012, and again in its entirety on August 23, 2013, following a remand to clarify how the Injunction is "intended to function."  *NML I*, 699 F.3d at 250; *see NML II*, 727 F.3d at 230.  The Injunction provides that whenever Argentina makes a payment on any Exchange Bond, it must also—either concurrently or in advance—make a ratable payment to Plaintiffs.  The Injunction defines "Exchange Bonds" as any "bonds or other

5

obligations issued pursuant to the Republic's 2005 or 2010 exchange offers, or any subsequent exchange of or substitution for the 2005 and 2010 exchange offers that may occur in the future." Am. Feb. 23, 2012 Order ¶ 2(a), No. 08 Civ. 6978(TPG) (S.D.N.Y. Nov. 21, 2012) (D.E. 425) (the Injunction). The Injunction also forbids Argentina from taking any steps to evade the Injunction or to diminish the district court's ability to supervise compliance. *Id.* ¶ 4.

In addition to rejecting all of Argentina's challenges to the Injunction— twice—this Court also dismissed an array of challenges raised by various third parties, including those now attempting to appeal again. *See NML II*, 727 F.3d at 239–40, 241–44. In particular, various Exchange Bondholders complained "that the [Injunction] w[ould] harm [them] because Argentina 'has declared publicly that it has no intention of ever paying holdout bondholders like NML' and, as a result, neither plaintiffs nor Exchange Bondholders will be paid if the [Injunction] stand[s]." *NML II*, 727 F.3d at 242 (quoting Appellant Br. of Exchange Bondholder Group at 2). The Court not only held that this was insufficient to confer appellate standing on the Exchange Bondholders, who had insisted on participating only as "non-parties" before the district court, but also went on to reject the complaint in substance. As this Court explained, the purported harms feared by these third parties were of Argentina's own making, and "harm threatened to third parties by a party subject to an injunction who avows not to obey it . . . does not make an otherwise lawful injunction 'inequitable.'" *NML II*,

6

727 F.3d at 242. That is especially so here because the Exchange Bondholders "were expressly warned by Argentina in the accompanying prospectus that there could be 'no assurance' that litigation over the FAA Bonds would not 'interfere with payments' under the Exchange Bonds." *NML II*, 727 F.3d at 242.

**C.    Argentina Defies The Injunction And The District Court Intercedes**

"Argentina's officials have publicly and repeatedly announced their intention to defy any rulings of this Court and the district court with which they disagree." *NML II*, 727 F.3d at 238; *see also id.* at 238 n.4. Immediately after this Court affirmed the Injunction in August 2013, Argentina announced a plan to evade it by permitting Exchange Bondholders to replace their bonds with nearly identical instruments payable within Argentina. *See* Order at 5, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978(TPG) (S.D.N.Y. Oct. 3, 2013) (D.E. 487). The district court ruled unequivocally that such a plan would violate the Injunction, but mere hours after the Supreme Court denied certiorari in June 2014, Argentina's Economy Minister announced a nearly identical plan to circumvent the district court's orders by swapping the Exchange Bonds to place them outside the court's reach. Order at 3, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978(TPG) (S.D.N.Y. June 20, 2014) (D.E. 527). The district court once again promptly ruled that this plan violated the Injunction's anti-evasion provisions. *Ibid*.

Undeterred, Argentina then proceeded openly to transgress the Injunction. On June 26, 2014, Argentina attempted to pay certain Exchange Bondholders, without making a ratable payment to Plaintiffs, by transferring approximately $539 million to accounts at the indenture trustee, the Bank of New York Mellon ("BNY"), for distribution to the Exchange Bondholders alone.

At the same time, the Euro Bondholders—which were among those due to be paid—filed an application with the district court as "Non-Parties," seeking to "clarify" that "the Injunctio[n] do[es] not apply to the foreign parties who process payment on the Euro [Exchange] Bonds," and that nothing "prevent[s] [BNY] from transferring the [Exchange] Bond payment to the beneficial holders" even without a ratable payment to Plaintiffs. Corrected Mem. of Law in Support of Non-Parties Euro Bondholders' Emergency Motion for Clarification, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978(TPG), at 5–6 (S.D.N.Y. July 14, 2014) (D.E. 587). They argued that the payment process was outside the jurisdiction of the district court. *Id.* at 10–14. The Euro Bondholders assert that the district court has not ruled on their motion, and it is not at issue in this appeal.

On August 6, 2014, the district court entered an order clarifying that Argentina's actions violated the Injunction, and forbade BNY—which is based in New York—from forwarding Argentina's illegal payment to the Exchange Bondholders (the "August 6 Order"). At BNY's request, the district court also

8

included in its August 6 Order a statement recognizing that the bank cannot be held contractually liable for complying with the Injunction.[1]

**D.     Argentina And The Non-Party Appellants File Appeals, And The Non-Party Appellants Move For Expedited Proceedings**

On August 15, 2014, the Non-Party Appellants filed appeals from the district court's August 6 Order. Argentina filed appeals on August 29, 2014.

On September 11, 2014, more than five weeks after the district court entered the August 6 Order, the Euro Bondholders moved to expedite briefing and argument ("EB Mot."). Fintech "request[ed]" by letter on September 12, 2014 that the Court "'so order' the [same briefing] deadlines as the filing dates for the parties' briefs" in its appeal. Letter to Court, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-3045(L), at 1 (2d Cir. Sept. 12, 2014) (D.E. 25).

In the meantime, Citibank N.A. and Argentina had filed an appeal from another district court order explaining how the Injunction applies to payments on

---

[1]  Argentina's payment to BNY is not its latest defiance of the Injunction. Argentina has since enacted legislation to remove from the payment process those U.S. intermediary banks that thus far have complied with the injunction. *See* Ken Parks, *Argentina Congress Approves Foreign Debt Payment Bill*, Wall St. J. (Sept. 11, 2014), http://tinyurl.com/nez4uyw; Charlie Devereux & Camila Russo, *Argentine Lower House Passes Legislation to Pay Debt Locally*, Bloomberg (Sept. 11, 2014), http://tinyurl.com/kldp3rd. The legislation would replace BNY with an Argentine bank wholly owned by the Republic—which presumably would process Argentina's illegal payments without reservation. Although the district court has already declared such a tactic illegal, the Republic's non-party creditors—including Fintech—have publicly endorsed Argentina's plan. *See Fintech Advisory Fund Welcomes New Debt Swap Under Argentine Law*, Buenos Aires Herald(Aug. 24, 2014), http://tinyurl.com/pqx7bun.

particular Exchange Bonds. *See Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689(L) (the "Citi Appeal"). Those appellants sought to expedite the Citi Appeal on August 6, 2014, and this Court granted expedited treatment on August 14, 2014. On September 19, 2014, this Court held in the Citi Order that it lacked jurisdiction over the appeal. *See* Citi Order at 2. "We decline to find jurisdiction," this Court explained, "because the Order appealed from is a clarification, not a modification, of the Amended February 23, 2012 Order [i.e., the Injunction]." *Id*.

## ARGUMENT

This Court should dismiss these appeals. The August 6 Order is a non-appealable "clarification" of the Injunction—no less than the clarifying order that Citibank unsuccessfully challenged. The August 6 Order does nothing to modify the Injunction; it merely enforces the Injunction and confirms that Argentina's payment to BNY blatantly violated it. This Court has already held that it lacks jurisdiction to hear appeals from such clarifying orders.

Furthermore, the Non-Party Appellants lack standing. They are not parties, and they lack any interest upon which non-party standing could be premised. Their appeals are non-justiciable twice over.

Dismissal of the Non-Party Appellants' appeals would resolve all requests for expedited proceedings, as Argentina itself has not even attempted to argue that this case warrants accelerated litigation. In any event, the Non-Party Appellants

10

raise no colorable basis for expedition.  They filed their Emergency Motion *more than a month* after the district court entered the August 6 Order.  They fail to identify any impending payment that might be affected absent expedition or any other justification for rushing yet another appeal through this Court.

I.    **The Appeals Should Be Dismissed For Lack Of Jurisdiction**

A.    **The August 6 Order Is Not Appealable**

This Court made clear just last week that this appeal must be dismissed for lack of jurisdiction.  Like the Euro Bondholders and BNY, Citibank had filed a motion in the district court seeking "clarification" of the Injunction, urging the court to hold that the Injunction does not apply to a certain category of dollar-denominated Exchange Bonds governed by Argentine law.  *See* Citibank, N.A.'s Motion for Clarification, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978(TPG) (S.D.N.Y. May 22, 2013) (D.E. 459 & 460); Citibank, N.A.'s Renewed Motion for Clarification or Modification, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978(TPG) (S.D.N.Y. July 1, 2014) (D.E. 550).   The district court's resulting order clarified that the Injunction *does* apply to the disputed bonds.  *See* Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978(TPG) at 4 (S.D.N.Y. July 28, 2014) (D.E. 613).   The order did not invoke Rule 60(b) of the Federal Rules of Civil Procedure, which governs the modification of final judgments and orders, nor did it make any change to the Injunction.  When Argentina and Citibank appealed, this Court held that such an

11

order merely clarifying the Injunction is not appealable and, therefore, dismissed the appeals for lack of jurisdiction. Citi Order at 2 (citing *Weight Watchers Int'l, Inc. v. Luigino's*, 423 F.3d 137 (2d Cir. 2005)).

These appeals fail for the same reason. The Non-Party Appellants and Argentina filed appeals contending that the existing Injunction does not prohibit BNY from disbursing Argentina's illegal payment to owners of the Exchange Bonds. Without invoking Rule 60(b) and without modifying the Injunction in any way, the district court clarified in the August 6 Order what should have been clear from the face of the Injunction: they are wrong. The Citi Order confirms that such a clarification is not appealable, and it compels dismissal of these appeals.[2]

The Non-Party Appellants and Argentina also cannot identify any other basis for appellate jurisdiction. The August 6 Order is not a final judgment under 28 U.S.C. § 1291, as the district court has not "disassociate[d] itself" from this litigation, *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66 (2d Cir. 2011), nor has any third party been held in contempt for failing to comply with the Injunction, *see Wilder v. Bernstein*, 49 F.3d 69, 72 (2d Cir. 1995). Indeed, neither of the Non-Party Appellants assert jurisdiction under Section 1291. *See*

---

[2] Nor could jurisdiction arise from the August 6 Order's related clarification that BNY's decision not to disburse Argentina's unlawful payments constitutes compliance with the Injunction, as opposed to a breach of contract. That portion of the August 6 Order merely explained the existing Injunction without modifying it in any respect. It could not have finally adjudicated any claims against BNY—there *are no claims* against BNY before the district court. *See infra* Part I.B.

12

Fintech Form C, No. 14-3045 (2d Cir. Aug. 29, 2014); Euro Bondholders' Form C, No. 14-2938 (2d Cir. Aug. 29, 2014).

### B. The Non-Party Appellants Lack Appellate Standing

It is "well settled" that "only parties to a lawsuit, or those that properly become parties, may appeal." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). The Non-Party Appellants are neither. "Parties of record include the original parties and those who have become parties by intervention, substitution, or third-party practice." *Hispanic Soc'y of N.Y.C. Police Dep't Inc. v. N.Y.C. Police Dep't*, 806 F.2d 1147, 1152 (2d Cir. 1986), *aff'd sub nom. Marino v. Ortiz*, 484 U.S. 301 (1988) (per curiam). Although they now claim the rights of parties on appeal, the Non-Party Appellants have persistently avoided becoming parties in the district court, presumably to evade the possibility of becoming subject to the district court's orders directly. By their own admission, the Non-Party Appellants remain "non-parties" to this litigation. *See* Euro Bondholders Notice of Appeal at 2; Fintech Notice of Appeal at 3.

The Non-Party Appellants have no other basis to appeal. The Court determined just last year—on materially identical facts—that the Non-Party Appellants do not fit either of the "two situations" in which "[this circuit] ha[s] recognized non-party appellate standing." *NML II*, 727 F.3d at 239. First, they are not "bound by the judgment," *ibid.*, which is addressed solely to Argentina and BNY, and does not order the Non-Party Appellants to do or refrain from doing

13

*anything*. *Cf. id.* (holding that "BNY has standing to appeal" because "[t]he amended injunctions provide that BNY . . . 'shall be bound by the terms of th[e] order'") (capitalization altered) (quoting Injunction ¶ 2(e)); *Gucci Am., Inc. v. Bank of China*, No. 11-3934-cv(L), 2014 WL 4629049, at *5 (2d Cir. Sept. 17, 2014) ("[I]njunctions [against parties] do not directly restrain the conduct of nonparties.").

Second, as non-party "creditors," the Non-Party Appellants do not have an "interest" "cognizably affected" by the judgment. *NML II*, 727 F.3d at 239–40. As this Court has already held, their "interest in getting paid" is insufficient to give them a right to appeal the Injunction. *Id.* at 240. The order now appealed straightforwardly clarifies the Injunction's existing provisions in the context of a specific attempt by Argentina to evade them. Under both the Injunction's terms and under Rule 65(d)(2) of the Federal Rules of Civil Procedure, BNY was *already* "prohibited from aiding and abetting any . . . effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to NML." Injunction § 2(e); *see* Fed. R. Civ. P. 65(d)(2). That prohibition has been approved by this Court, *see NML I*, 699 F.3d at 255, 265, and has been held insufficient to give these non-parties appellate standing, *see NML II*, 727 F.3d at 239–40, 242.

The Euro Bondholders' submission of papers in the "clarification" proceedings below, which are not at issue in these appeals, as the Non-Party

Appellants maintain that the district court has yet to rule, certainly does not create standing to appeal. *See, e.g.*, *Marino*, 484 U.S. at 303‑04 (affirming denial of standing to group that "presented their objections" to the judgment appealed from but "chose not to move to intervene"). They were similarly involved—without intervening—in the "clarification" proceedings that gave rise to another appeal in this case, *NML I*, 699 F.3d at 250, 255, and this Court denied them appellate standing all the same, *see NML II*, 727 F.3d at 240.

The Non-Party Appellants also lack standing to appeal the district court's recognition that BNY "shall incur no liability" for complying with its injunctions. This portion of the district court's order simply restates the incontrovertible rule that a party cannot be held contractually liable for properly complying with a court order or the Federal Rules of Civil Procedure. *See, e.g.*, Restatement (Second) of Contracts §§ 261, 264. Indeed, in this case, the rule is also built into the relevant bond contract explicitly: the indenture immunizes BNY from suit for breaches precipitated by the district court's orders or "any present or future law applicable to [BNY]." *See NML II*, 727 F.3d at 243 n.11. "[S]imply recognizing the automatic operation of" an existing rule does not create appellate standing. *Id.* at 244; *see also id.* at 240.

In any event, the Non-Party Appellants are free to re-litigate BNY's contractual liability. As non-parties, they are not bound by the Court's orders, which nowhere mentions them, except to the extent that they act in "active concert

or participation" with Argentina's violation of the Injunction. *See* Fed. R. Civ. P. 65(d)(2)(C). Therefore, they cannot argue that their rights have been adjudicated.

At bottom, this appeal is part of an improper effort by the Non-Party Appellants and Argentina to evade the Injunction. As this Court has already held, the Non-Party Appellants lack standing to appeal on these facts. Should the Non-Party Appellants wish to exercise a party's right to appeal, "the better practice is . . . to seek intervention." *Marino*, 484 U.S. at 304. "[D]enials of such motions are, of course, appealable." *Ibid.*

## II. The Motions To Expedite Should Be Denied

The Non-Party Appellants identify no colorable basis for expedited briefing and argument. Expedited treatment requires some extraordinary "urgen[cy]." *Hanly v. Mitchell*, 460 F.2d 640, 642 (2d Cir. 1972) (cited at EB Mot. at 16). But the Non-Party Appellants waited 36 days following the entry of the district court order at issue before moving to expedite—a delay that demolishes any claim that this appeal is urgent.

The only "urgen[cy]" identified by the Non-Party Appellants is their desire to "collect funds" that they contend they should be paid in violation of the district court's twice-affirmed Injunction against Argentina. EB Mot. at 16–17. Their eagerness to receive prohibited payments does not merit expedition: It is true in *every* case that the appellant wants—sooner rather than later—whatever it asked of the district court. An appellant's mere desire to move faster (after sitting idle for

16

more than a month) does not warrant imposing on the parties and this Court the burdens of a compressed schedule.

Notably, unlike the appellants in the Citi Appeal, the Non-Party Appellants here do not claim that the district court's order might cause them to fail to meet any imminent obligation, nor do they identify any imminent payment that the district court's order could disrupt absent expedition. *Cf.* Emergency Mot. of Citibank, N.A. to Expedite and Consolidate Appeals, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-2705, at 1-2 (2d Cir. Aug. 6, 2014).

The Non-Party Appellants' remaining "reasons" for expedited treatment are makeweight. First, the Euro Bondholders' overseas litigation does not warrant expedition by this Court. *See* EB Mot. at 15–17. The Euro Bondholders themselves acknowledge that resolution of those matters has been—or might be— delayed. *See id.* at 14–16. Consequently, the Non-Party Appellants face no impending deadlines that might require a faster decisionmaking process by this Court. That foreign courts have decided to await a ruling in this case confirms that there is little risk of conflicting judgments or inefficiency if this appeal is litigated in due course. Indeed, the Euro Bondholders filed those foreign actions in an attempt to undermine final U.S. court rulings; an improper collateral attack cannot be a legitimate basis for expedition.

Second, the Euro Bondholders argue that expedited briefing will "permit this Court to clarify . . . that the district court erred." EB Mot. at 17. The district court

did not err. In any event, an appellant's mere desire to win the appeal faster is not a basis for expedited briefing; otherwise this Court would have to expedite every case.

Third, any supposed "overlap" between these appeals and the Citi Appeal, which has already been decided, presents no reason to expedite this case. EB Mot. at 18. The Non-Party Appellants did not seek expedited treatment until nearly a month after this Court had already expedited the Citi Appeal; it was their own delay that made a coordinated hearing impossible. At this point, any overlap between the appeals is relevant only insofar as the dismissal of the Citi Appeal compels the dismissal of these appeals.

Finally, the Non-Party Appellants' own actions demonstrate that the "[t]urnover [m]otions" before the district court involving other plaintiffs are no cause to expedite matters here. EB Mot. at 19. If the Non-Party Appellants were worried that some intervening action below might moot their appeal or otherwise prejudice them, they would have sought a stay from this Court. They have not. Nor have they sought a stay from the district court. Presumably, that is because Argentina's payment of other creditors does not "irreparably injure[]" them. *SEC v. Citigroup Global Mkts. Inc.*, 673 F.3d 158, 162 (2d Cir. 2012). Argentina "has the financial wherewithal to meet its commitment of providing equal treatment to plaintiffs and Exchange Bondholders." *NML II*, 727 F.3d at 246 (brackets and citation omitted). So a payment to Plaintiffs does not foreclose a payment to the

18

Non-Party Appellants. The absence of any threatened or extraordinary harm to them hardly argues in favor of expedited briefing and argument.

**III. Plaintiffs Consent To Consolidation Of The Euro Bondholders' Appeals For Dismissal**

Although the Euro Bondholders did not seek Plaintiffs' position on consolidating these appeals, Plaintiffs agree that the appeals share similar defects. Therefore, Plaintiffs do not object to their consolidation for dismissal.

## CONCLUSION

This Court should dismiss the Euro Bondholders', Fintech's, and Argentina's appeals. The Non-Party Appellants' motions to expedite (including Fintech's letter requesting the same) should be denied.

Respectfully submitted,

September 22, 2014                        By: *Matthew D. McGill*

Robert A. Cohen                          Theodore B. Olson
DECHERT LLP                              Matthew D. McGill
1095 Avenue of the Americas              Jason J. Mendro
New York, NY 10036-6796                  GIBSON, DUNN & CRUTCHER LLP
(212) 698-3500                           1050 Connecticut Avenue, N.W.
                                         Washington, D.C. 20036-5306
                                         (202) 955-8500

*Counsel for Plaintiff-Appellee NML Capital, Ltd.*


Edward A. Friedman                       Roy T. Englert, Jr.
Daniel B. Rapport                        Mark T. Stancil
FRIEDMAN KAPLAN SEILER &                 ROBBINS, RUSSELL, ENGLERT,
ADELMAN LLP                              ORSECK, UNTEREINER &
7 Times Square                           SAUBER LLP
New York, N.Y. 10036                     1801 K Street, N.W.
(212) 833-1100                           Washington, D.C. 20006
                                         (202) 775-4500

*Counsel for Plaintiffs-Appellees Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC*


Leonard F. Lesser                        Michael C. Spencer
SIMON LESSER, P.C.                       MILBERG LLP
355 Lexington Avenue                     One Pennsylvania Plaza
New York, NY 10017                       New York, NY 10019
(212) 599-5455                           (212) 594-5300

*Counsel for Plaintiff-Appellee*          *Counsel for Plaintiffs-Appellees*
*Olifant Fund, Ltd.*                      *Alberto Varela, et al.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of September 2014, a true and correct copy of the foregoing Motion to Dismiss for Lack of Appellate Standing was served on the following counsel of record in this appeal via CM/ECF pursuant to Local Rule 25.1 (h)(1) & (2):

Matthew D. McGill

Christopher J. Clark
Latham & Watkins LLP
885 3rd Avenue
New York, NY 10022

Jonathan I. Blackman
Cleary Gottlieb Steen & Hamilton LLP
City Place House
55 Basinghall Street
London, EC2V 5EH
England

Carmine D. Boccuzzi, Jr.
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, NY 10006

William Francis Dahill
Wollmuth Maher & Deutsch LLP
Suite 1200
500 5th Avenue
New York, NY 10110

James Christopher Martin
Reed Smith LLP
Reed Smith Centre
225 5th Avenue
Pittsburgh, PA 15222